IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE LEFEBVRE, <br><br> Plaintiff, <br><br> v. <br><br> EXTRABUX, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) |

## PLAINTIFF'S COMPLAINT

Plaintiff Dale LeFebvre, by and through his attorneys, for his complaint against Defendant Extrabux, Inc., hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from Defendant's unauthorized use of products and/or services that infringe one or more claims of U.S. Patent Nos. 8,126,772 ("the '772 Patent") and 8,321,271 ("the '271 Patent") (collectively "the Asserted Patents").

2. This action for patent infringement involves at least Defendant's "Extrabux.com" website (the "Accused Website") that practices one or more claims of the Asserted Patents.

## THE PARTIES

3. Plaintiff Dale LeFebvre is an individual residing in the United States Virgin Islands. Mr. LeFebvre is the sole inventor and owner of the Asserted Patents.

1

4. Defendant Extrabux, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 3500 South DuPont Highway, Suite OO-101, Dover, DE 19901.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to personal jurisdiction in this judicial district because it is incorporated in Delaware and because it regularly transacts business in this judicial district by, among other things, making the Accused Website available to customers located in this judicial district. Defendant has committed acts of infringement of one or more claims of the Asserted Patents in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because Defendant is incorporated in this district.

## FACTUAL BACKGROUND

8. Mr. LeFebvre is a successful entrepreneur and inventor. Mr. LeFebvre holds over 50 international and domestic patents, including the Asserted Patents. He owns all right, title and interest in and to the Asserted Patents.

9. On information and belief, Defendant Extrabux, Inc. owns, operates, and makes available its online rebate cross-sell network services, through an Internet website accessible at https://extrabux.com/, which infringes one or more claims of the Asserted Patents.

10. On February 28, 2012, the '772 Patent was duly and legally issued for an invention entitled "Rebate Cross-Sell Network and Systems and Methods Implementing the Same." A true and correct copy of the '772 Patent is attached hereto as Exhibit A and incorporated herein by

reference.

11. On November 27, 2012, the '271 Patent was duly and legally issued for an invention entitled "System, Method and Computer Program Product for Cross-Selling in Network Environment." A true and correct copy of the '271 Patent is attached hereto as Exhibit B and incorporated herein by reference.

12. On November 4, 2022, Mr. LeFebvre through counsel sent a letter to Extrabux via its registered agent. The letter notified Defendant of the Asserted Patents and informed it that Plaintiff's investigation determined Defendant is practicing claims of the Asserted Patents. The letter included claim charts demonstrating Defendant's infringement of an exemplary claim from each Asserted Patent. A true and correct copy of the letter is attached hereto as Exhibit C and incorporated by reference.

13. Defendant did not respond to Plaintiff's November 4, 2022 letter.

14. Plaintiff through counsel sent a follow-up letter to Extrabux via its registered agent on December 5, 2022. A true and correct copy of the letter is attached hereto as Exhibit D and incorporated by reference.

15. Defendant did not respond to Plaintiff's December 5, 2022 letter.

16. Defendant has made available and/or used, within the United States, a rebate cross-sell network, including but not limited to the Accused Website, that infringes at least claim 1 of the '772 Patent and claim 11 of the '271 Patent.

17. Plaintiff is being irreparably harmed by Defendant's infringement of his valuable patent rights. Moreover, Defendant's unauthorized infringement of Plaintiff's patent rights is threatening the value of this intellectual property because Defendant's conduct results in Plaintiff's

loss of his lawful patent rights to exclude others from making, using, selling, offering to sell, and/or importing the patented inventions.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,126,772

18. Paragraphs 1-17 are incorporated by reference as if fully restated herein.

19. Exhibit C includes a claim chart comparing exemplary claim 1 of the '772 Patent against the Accused Website. As set forth in this claim chart, the Accused Website literally practices the technology claimed by at least claim 1 of the '772 Patent.

20. **Direct Infringement**. Defendant has been and continues to directly infringe, literally or by the doctrine of equivalents, one or more claims of the '772 Patent at least by making available and/or using, without limitation, at least the Accused Website.

21. **Actual Knowledge of Infringement**. The November 4, 2022 and December 5, 2022 letters, in conjunction with the attached claim charts, constitute actual knowledge of infringement as alleged herein.

22. Despite such actual knowledge, Defendant continues to make available and/or use products and/or services that infringe the '772 Patent.

23. **Willful Infringement.** Through at least Plaintiff's November 4, 2022 and December 5, 2022 letters, Defendant was aware of the '772 Patent and Plaintiff's allegations of infringement. As such, Defendant's infringement is deliberate and intentional.

24. Defendant's acts of direct infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in the amount subject to proof at trial. Defendant's infringement of Plaintiff's exclusive rights under the '772 Patent will continue to damage Plaintiff's business,

causing irreparable harm for which there is no adequate remedy at law, unless Defendant is enjoined by this Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,321,271

25. Paragraphs 1-24 are incorporated by reference as if fully restated herein.

26. Exhibit C includes a claim chart comparing the exemplary claim 11 of the '271 Patent against the Accused Website. As set forth in this claim chart, the Accused Website literally practices the technology claimed by at least claim 11 of the '271 Patent.

27. **Direct Infringement**. Defendant has been and continues to directly infringe, literally or by the doctrine of equivalents, one or more claims of the '271 Patent at least by making available and/or using, without limitation, at least the Accused Website.

28. **Actual Knowledge of Infringement**. The November 4, 2022 and December 5, 2022 letters, in conjunction with the attached claim charts, constitutes actual knowledge of infringement as alleged here.

29. Despite such actual knowledge, Defendant continues to make available and/or use products and/or services that infringe the '271 Patent.

30. **Willful Infringement.** Through at least Plaintiff's November 4, 2022 and December 5, 2022 letters, Defendant was aware of the '271 Patent and Plaintiff's allegations of infringement. As such, Defendant's infringement is deliberate and intentional.

31. Defendant's acts of direct infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in the amount subject to proof at trial. Defendant's infringement of Plaintiff's exclusive rights under the '271 Patent will continue to damage Plaintiff's business,

causing irreparable harm for which there is no adequate remedy at law, unless Defendant is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant, and that Plaintiff be granted the following relief:

A. That this Court adjudge and decree that the Defendant has directly and willfully infringed the Asserted Patents;

B. That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of Defendant's infringement;

C. That this Court grants permanent injunctive relief to prevent Defendant from continuing to infringe Plaintiff's patents;

D. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for said infringement, such damages to be no less than a reasonable royalty together with interest and costs;

E. That this Court assess pre-judgment and post-judgment interest and costs, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

F. That this Court award attorneys' fees pursuant to 35 U.S.C. § 285; and

G. That Plaintiff be awarded such further relief as this Court may deem just and appropriate.

Dated: February 14, 2023

*Of Counsel*:

David W. Higer
H. Grant Tucker
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
 (214) 692-6200
david.higer@wickphillips.com
grant.tucker@wickphillips.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com

*Attorneys for Plaintiff Dale LeFebvre*