IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DALE LEFEBVRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-167 (MN) |
| | ) |
| EXTRABUX, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this 12th day of October 2023:

WHEREAS, on February 14, 2023, Plaintiff initiated a patent-infringement action against Defendant ExtraBux, Inc., alleging that Defendant's accused website "literally practices the technology claimed by at least claim 1" of U.S. Patent No. 8,126,772 ("the '772 Patent") and "literally practices the technology claimed by at least claim 11" of U.S. Patent No. 8,321,271 ("the '271 Patent")[1] (*see generally* D.I. 1; *see also id.* ¶¶ 19 & 26);

WHEREAS, on May 22, 2023 and in response to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff filed its First Amended Complaint, maintaining its allegations that Defendant's accused website practices claim 1 of the '772 Patent (D.I. 12 ¶ 33) and claim 11 of the '271 Patent (D.I. 12 ¶ 40) and adding allegations relating to the purported patent eligibility of the subject matter claimed in the '772 and '271 Patents (D.I. 12 ¶¶ 11-17 & 19-25);

---

[1]   Plaintiff also generically alleges that Defendant infringes "one or more claims" of each of the two asserted patents. (D.I. 1 ¶¶ 20 & 27). These boilerplate allegations do not change the Court's analysis or conclusion set forth herein.

WHEREAS, on June 5, 2023, Defendant again moved under Rule 12(b)(6) to dismiss the First Amended Complaint (*see* D.I. 15), arguing that all claims of the '772 and '271 Patents are directed to ineligible subject matter under 35 U.S.C. § 101 (*see* D.I. 16 at 1);

WHEREAS, the Federal Circuit has partially vacated a district court's judgment of patent ineligibility that extended to all claims of the patents-in-suit, finding instead that the judgment must be limited to only the asserted claims because "the operative complaint asserted infringement of only claims 1 and 31-33 of each asserted patent, and because [defendant] did not file any counterclaim of its own (instead, it simply moved to dismiss [plaintiff]'s complaint)," *Hantz Software, LLC v. Sage Intacct, Inc.*, No. 2022-1390, 2023 WL 2569956, at *1 (Fed. Cir. Mar. 20, 2023); and

WHEREAS, in light of the Federal Circuit's guidance and disposition in *Hantz Software*, the Court finds it inappropriate to address at the motion to dismiss stage the patent eligibility of all claims of the '772 and '271 Patents, particularly where the operative pleading appears to only assert "at least claim 1 of the '772 Patent" and "at least claim 11 of the '271 Patent" and Defendant has not filed any counterclaims of invalidity that challenges the patent eligibility of all claims of the '772 and '271 Patents.[2]

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED without prejudice to renew, if appropriate, at summary judgment.

The Honorable Maryellen Noreika
United States District Judge

---

[2] The Court also notes that it is not an efficient use of time to address the patent eligibility of these claims at this stage because the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, at least some of the claims subject to Defendant's § 101 motion will not be in issue at later stages of the case (including at trial).